LOBENSTEIN v. WHITEHEAD & KALES IRON WORKS.

1. MASTER AND SERVANT—PERSONAL INJURIES—TRIAL—DIRECTING VERDICT.

The testimony of certain witnesses who were offered on the retrial of an action for negligence is reviewed after reversal in this court, and *held*, to be sufficient to support the verdict for plaintiff, though the proofs were less strong on the second than on the first trial.

2. SAME—CONTRIBUTORY NEGLIGENCE—INEXPERIENCE.

Where the testimony showed that decedent was inexperienced in the work of constructing a swing scaffold and defendant claimed he should have held onto the girder while he was tying on a plank and was negligent for standing on the plank, the trial court properly submitted to the jury the issue as to the sufficiency of care exercised by deceased.

3. SAME—FELLOW SERVANTS—NEGLIGENCE.

Decedent's superior, who ordered him to work in the unsafe place, was not such fellow servant as to bring defendant within the rule of nonliability, in a case where the proofs showed that the superior employee had received directions so to proceed from defendant's superintendent.[1]

Error to Wayne; Mayne, J., presiding. Submitted October 5, 1915. (Docket No. 4.) Decided June 2, 1916.

Case by William P. Lobenstein, as administrator of the estate of George Stierle, deceased, against Whitehead & Kales Iron Works, a corporation, for the unlawful killing of plaintiff's decedent. Judgment for plaintiff. Defendant brings error. Affirmed.

*Goodenough & Long*, for appellant.

*William Look* and *Duncan C. Beath* (*Henry F. Chipman*, of counsel), for appellee.

BIRD, J. In his declaration, William Lobenstein, administrator of the estate of George Stierle, deceased, charges defendant iron company with having employed the deceased to operate a hoisting machine, and that while so employed, it directed him to engage in another and more dangerous employment, in which latter employment he was killed by falling from a building upon which he was directed to work. Upon the first trial a verdict was directed in favor of the defendant. On review in this court, it was held that the testimony was sufficient to submit to the jury upon the question of the defendant's negligence. See 179 Mich. 279 (146 N. W. 293). Upon a retrial of the case, the defendant again requested a directed verdict. The trial court

[1]As to what acts of superior servant master is liable, see comprehensive note in 51 L. R. A. 584.

refused the request and submitted the question of defendant's negligence to the jury, and they found a verdict for the plaintiff. The principal assignment of error is directed to the refusal of the court to direct a verdict for the defendant.

It is claimed the testimony on the retrial bearing on the defendant's negligence was so changed from that offered on the first trial that it did not make an issue of fact. The testimony upon which plaintiff relied on the first trial for establishing the negligence of the defendant was given by the foreman, Joseph Darge. On the second trial his testimony was substantially the same, except certain portions of it, in which he described the dangerousness of the work deceased was ordered to do, were eliminated by order of the court. Material portions of his testimony were contradicted by Steger, superintendent of defendant company, and Duke, his assistant. We have examined the testimony upon the second trial with care, and we have reached the conclusion that, while plaintiff's testimony bearing upon the negligence of the defendant was weakened from what it was on the former trial, it still presented a question of fact for the consideration of the jury.

Another ground on which the defendant rested his motion for a directed verdict was the contributory negligence of the deceased. Counsel in this connection criticizes the way and manner in which the deceased went about the work of constructing the swing scaffold, and observes that, while tying the rope around the plank, the deceased should have remained on the girder, or, if he stood on the scaffold, he should have held onto the girder. The testimony tended to show that the deceased was inexperienced in such work, and it could not be expected that he would go about it with the intelligence of one who was an experienced structural steel worker. At any rate, the question as to whether he exercised reasonable prudence under the

circumstances was one which was properly submitted to the jury.

A further reason suggested for a directed verdict was that Darge, the foreman, and the deceased were fellow servants, and therefore defendant was not liable for the deceased being in an unsafe place.  The difficulty with this suggestion is that Darge testified he ordered the deceased to assist him in the particular work, because of the direct order of the superintendent, who represented the master.  The question as to whether Darge and the deceased were fellow servants as to the work done by the deceased outside of his regular employment, and the work done by direct order of the master, is not very important under the plaintiff's theory of the case.

The question of the assumption of risk is again raised by this assignment.  What Mr. Justice STONE said on that question in the former opinion of this court, we think fully answers the objection made at this time.

We think it unnecessary to consider the remaining assignments of error.

The judgment is affirmed, with costs of this court to the plaintiff.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.